# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| JAMES L. HINES | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.: 5:19-cv-1819-LCB |
| | ) |
| REGIONS BANK, f/k/a UNION | ) |
| PLANTERS BANK, N.A., | ) |
| | ) |
| Defendant. | |

## **MEMORANDUM OPINION**

The plaintiff, James L. Hines, appearing *pro se*, filed a complaint on November 7, 2019 (Doc. 1)[1], and an "Amended Complaint and Motion to Set Aside Foreclosure Sale" on November 19, 2020. (Doc. 3). Although the amended complaint also purported to be a motion, its contents was solely that of a pleading under Fed. R. Civ. P. 7. However, in his prayer for relief, the plaintiff did ask the Court to reverse a foreclosure sale and reinstate property to he and his wife. The Court will treat that request as a prayer for relief. Before the Court is the defendant's motion to dismiss the amended complaint. (Doc. 7).

    I.    Hines's Amended Complaint

---

[1] The record does not reflect that Hines served the original complaint on the defendant.

The plaintiff's amended complaint asserts that the defendant, Regions Bank, violated the Fair Debt Collections Practices Act ("FDCPA"), by filing "an illegal foreclosure on Plaintiff's homestead on, or about, November 5, 2019." (Doc. 3, p. 1). According to the plaintiff, the defendant's foreclosure counsel sent a letter to him on September 17, 2019, explaining that the bank intended to foreclose on his home and that he had 30 days to dispute the debt. The plaintiff claims that he sent a written notice disputing the debt, but that he never received a response. The plaintiff contends that the foreclosure counsel's failure to mail him verification of the debt violated the FDCPA.

Although it is unclear from the face of the amended complaint, the plaintiff appears to concede that the defaulted on his mortgage. He states that his personal obligation on the loan was discharged in a Chapter 7 bankruptcy proceeding in 2014, but appears to understand that the defendant still has the right to foreclose on his property. However, the plaintiff contends that the defendant tried to collect an *in personam* debt from him when it contacted him through the foreclosure attorney and when it published a foreclosure notice in the local newspaper. The plaintiff also appears to claim that this is a violation of the FDCPA.

The Court notes that this is not the first lawsuit Hines has filed in response to Regions's efforts to foreclose on his home. In *Hines v. Regions Bank*, No. 5:16-cv-01996-MHH, 2018 WL 905364 (N.D. Ala. Feb. 15, 2018), the plaintiff asserted,

among other claims, a cause of action for a violation of the Real Estate Settlement Procedures Act (RESPA). The Eleventh Circuit affirmed the district court's dismissal with prejudice of that action and the United States Supreme Court denied certiorari. 782 F. App'x 853 (11th Cir. 2019), *cert. denied*, No. 19-1139, 2020 WL 2515634 (U.S. May 18, 2020).

> II. Regions's Motion to Dismiss

The defendant argues that the plaintiff's complaint is due to be dismissed pursuant to Fed. R. Civ. P. 12(b)(6), which permits a party to move to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). This rule must be read together with Rule 8(a), which requires that a pleading contain only a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While that pleading standard does not require "detailed factual allegations," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 550 (2007), it does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted). Essentially, a Rule 12(b)(6) motion to dismiss tests the sufficiency of a complaint against the "liberal pleading standards set forth by Rule 8(a)(2)." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When evaluating a Rule 12(b)(6) motion to dismiss, a district court accepts as true the allegations in the

complaint and construes the allegations in the light most favorable to the plaintiff. *See Brophy v. Jiangbo Pharms. Inc*., 781 F.3d 1296, 1301 (11th Cir. 2015).

The defendant correctly asserts that in order "[t]o state a claim under the FDCPA, a plaintiff must establish, among other things, that the defendant is a 'debt collector.'" *Prickett v. BAC Home Loans, et al*., 946 F. Supp. 2d 1236, 1248 (N.D. Ala. 2013). "The FDCPA defines the term 'debt collector' as '[1] any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, [or] [2] who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another …'" *Collins v. BSI Fin. Servs*., No. 2:16-cv-262-WHA, 2017 WL 1045062, at *4 (M.D. Ala. Mar. 17, 2017) (quoting 15 U.S.C. § 1692a(6)).

A review of the amended complaint reveals that the plaintiff did not adequately allege that Regions was a debt collector as defined in the FDCPA. Rather, he merely asserted that it attempted to collect a debt from him. Courts in this district routinely reject FDCPA claims where the plaintiff merely labels a defendant as a "debt collector" without demonstrating that that the defendant meets one of the two definitions above. *Gregory v. Select Portfolio Servicing, Inc*., No. 2:15-cv-781-JHE, 2016 WL 4540891, at *19 (N.D. Ala. Aug. 31, 2016) ("Although [plaintiffs] do clearly assert [defendants] are 'debt collectors' under the FDCPA … they never allege facts to support that legal conclusion."). Nothing in the complaint

suggests that Regions's principal purpose is to collect debts or that Regions regularly attempts to collect debts owed or due to another person or entity. Thus, the plaintiff's complaint fails to allege a necessary element of a cause of action under the FDCPA and is due to be dismissed for that reason.

The Court also notes that allowing the plaintiff to amend his complaint would be futile. The FDCPA distinguishes between "creditors," which are not subject to the FDCPA, and "debt collectors," which are subject to the FDCPA. Accordingly, the FDCPA "specifically exempts from its reach 'any person collecting or attempting to collect any debt ... to the extent such activity ... concerns a debt which was originated by such person….'" *Helman v. Bank of America*, 685 F. App'x 723, 726 (11th Cir. 2017)(*citing* 15 U.S.C. § 1692a(6)(F))(holding that "[w]e have no trouble concluding that BANA is not a debt collector as that term is defined by the FDCPA" because "[a]s the originator of those loans, the Bank is plainly not subject to the provisions of the FDCPA."). In the present case, Regions bank is a successor by merger to Union Planters, the institution who originated the loan in question.

As noted by the defendant, the definition of a "debt collector" also excludes several categories of entities, including "any person collecting or attempting to collect any debt . . . to the extent such activity . . . concerns a debt which was not in default at the time it was obtained by such person." *See* 15 U.S.C. § 1692a(6)(F)(iii) (emphasis added). The plaintiff, by his own prior judicial admission, did not default

5

on his mortgage loan until December 7, 2014 – nine years after Regions merged with Union Planters.  *See Hines v. Regions Bank*, No. 5:16-cv-01996-MHH, 2018 WL 905364 (N.D. Ala. Feb. 15, 2018)(Hines "has been in default on his mortgage since December 7, 2014 (Doc. 1-1, p. 5).").  Moreover, courts have universally held that where a defendant acquires a debt through its merger with a previous creditor rather than via a specific assignment or transfer, the debt was not "obtained" while it was in default; therefore, the defendant is not a "debt collector" under the FDCPA.  *See Brown v. Morris*, 243 F. App'x 31, 34 (5th Cir. 2007); *Fenello v. Bank of Am., N.A.*, 926 F. Supp. 2d 1342, 1350 (N.D. Ga. 2013).  Accordingly, it is not possible for the plaintiff to amend his complaint to plausibly allege that Regions is a debt collector as defined in the FDCPA.

The Court also notes that, in his response to the defendant's motion to dismiss, Hines "ACKNOWLEDGES THAT REGIONS BANK IS A 'CREDITOR' UNDER THE RULING OF THE US SUPREME COURT…." (Doc. 12, p. 2)(capitalization in original).  However, he attempts to then claim that Regions's foreclosure counsel is the actual debt collector in his situation.  *See* (Doc. 12, p. 3).  This fails for two reasons.  First, Regions's foreclosure counsel is not a defendant, and a party cannot amend its pleading via brief in response to a motion to dismiss.  Moreover, even if the plaintiff were allowed to join Regions's foreclosure counsel as a defendant, his claim would still fail.  Regions's foreclosure counsel was not a "debt collector"

6

because a person merely enforcing a security interest through foreclosure is not a "debt collector" under the FDCPA. *See Obduskey v. McCarthy & Holthus LLP*, 139 S. Ct. 1029, 1035 (2019)(" ("[T]hose who engage in only nonjudicial foreclosure proceedings are not debt collectors within the meaning of the Act."). Regions's foreclosure counsel was merely taking the steps necessary for Regions to foreclose on the plaintiff's property.

The plaintiff has also filed a motion for permission to file a sur-reply brief in support of his contention that the motion to dismiss should be denied. In the motion, the plaintiff essentially restates and elaborates on the arguments he made in his response brief. He also appears to seek to amend his complaint to add additional factual allegations. However, as noted above, the plaintiff is unable to allege any facts that would demonstrate that Regions is a debt collector for purposes of the FDCPA. Accordingly, the plaintiff's motion to file a sur-reply brief (Doc. 14) is **DENIED**.

For the foregoing reasons, the defendant's motion to dismiss (Doc. 7) is due to be **GRANTED**, and this case **DISMISSED WITH PREJUDICE.** A separate order will be entered.

**DONE** and **ORDERED** July 28, 2020.

_____
**LILES C. BURKE**
UNITED STATES DISTRICT JUDGE